[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12006
_____

Agency No. OSHC-0 : 11-3010

ELLER-ITO STEVEDORING COMPANY, LLC,

Petitioner,

versus

SECRETARY OF LABOR,

Respondent.

_____

Petition for Review of a Decision of the
Occupational Safety and Health Review Commission
_____

(May 28, 2014)

Before HULL, BLACK and FARRIS,[*] Circuit Judges.

PER CURIAM:

_____

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Eller-ITO Stevedoring Company, LLC petitions for review of the Occupational Safety and Health Review Commission's (OSHRC) order stating the case was not directed for review, and directing that the decision of the Administrative Law Judge (ALJ) become the final order of the OSHRC. Eller-ITO contends the ALJ made both legal and factual errors in affirming a citation and penalty assessed by the Occupational Safety and Health Administration (OSHA) for a workplace accident resulting in the death of Oscar Hyman on May 4, 2011. After a review of the record and the parties' briefs, and having had the benefit of oral argument, we deny the petition.

To make a *prima facie* showing that an employer violated an OSHA standard, the Secretary must show the following four elements: "(1) that the regulation applied; (2) that it was violated; (3) that an employee was exposed to the hazard that was created; and importantly, (4) that the employer 'knowingly disregarded' the [Occupational Safety and Health] Act's requirements." *ComTran Grp., Inc. v. U.S. Dep't of Labor*, 722 F.3d 1304, 1307 (11th Cir. 2013). If the Secretary establishes a *prima facie* case with respect to all four elements, the employer may then come forward and assert the affirmative defense of unpreventable or unforeseeable employee misconduct. *Id.* at 1308. Eller-ITO contends the Secretary failed to meet his burden on elements one and four of the *prima facie* case, and that it met its burden for the affirmative defense.

2

I. Whether the Regulation Applied

Eller-ITO contends the ALJ erred in determining the standard in 29 C.F.R. § 1918.86(n) applies generally to cargo discharged from a vessel and is not expressly limited to "vehicle stowage positioning." In full, the regulation provides:

> Vehicle stowage positioning. Drivers shall not drive vehicles, either forward or backward, while any personnel are in positions where they could be struck.

29 C.F.R. § 1918.86(n).

The ALJ's interpretation of 29 C.F.R. § 1918.86(n) as applying to both roll-on and roll-off longshoring operations is not arbitrary, capricious, or an abuse of discretion. *See Fluor Daniel v. OSHRC*, 295 F.3d 1232, 1236 (11th Cir. 2002). Titles and headings are not a part of the law itself, and it is well-established that they "cannot limit the plain meaning of the text." *Bhd. of R.R. Trainmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 528-29 (1947). Further, the Secretary's interpretation of the regulation is reasonable and is therefore entitled to deference. *See Fluor Daniel*, 295 F.3d at 1236. Thus, the Secretary met the first element of its *prima facie* case, showing that 29 C.F.R. § 1918.86(n) applied to the conduct at issue.

II.  Whether Eller-ITO Knowingly Disregarded the Act's Requirements

Eller-ITO asserts the Secretary failed to show that it "knowingly disregarded" the requirements of § 1918.86(n).  Specifically, Eller-ITO contends the record evidence is insufficient to support a finding that it knew, or with the exercise of reasonable diligence, could have known, of the violative condition created by Hyman.

The knowledge element of the *prima facie* case can be shown in one of two ways.  *ComTran*, 722 F.3d at 1307.  "First, where the Secretary shows that a supervisor had either actual or constructive knowledge of the violation, such knowledge is generally imputed to the employer."  *Id.* at 1307-08.  "In the alternative, the Secretary can show knowledge based upon the employer's failure to implement an adequate safety program, with the rationale being that—in the absence of such a program—the misconduct was reasonably foreseeable."  *Id.* at 1308 (citation omitted).  An employer's safety program may be deemed inadequate if it is not adequately communicated to employees.  *PSP Monotech Indus.*, 22 BNA OSHC 1303, 1306 (No. 06-1201, 2008); *see also Daniel Int'l Corp. v. OSHRC*, 683 F.2d 361, 364 (11th Cir. 1982) ("[W]e have little doubt that Daniel has a work rule requiring employees to tie off . . . *which is communicated effectively to all of its employees.*" (emphasis added)); *H.B. Zachry Co. v. OSHRC*,

4

638 F.2d 812, 820 (5th Cir. Unit A Mar. 1981)[1] (finding, in the context of establishing a defense of negligent employee misconduct, substantial evidence in the record supported a finding that a company failed to communicate and enforce its work rules needed to comply with OSHA standards).

After reviewing the record, and applying the "considerable deference" afforded to OSHRC decisions, we conclude substantial evidence supports the ALJ's finding that Eller-ITO knowingly disregarded the Act's requirements. *See* 29 U.S.C. § 660(a); *Fluor Daniel*, 295 F.3d at 1236 (explaining "[s]ubstantial evidence is more than a scintilla, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion"). Accordingly, the Secretary established all four elements of his *prima facie* case that Eller-ITO violated 29 C.F.R. § 1918.86(n). *See ComTran*, 722 F.3d at 1307.

III.  Preventable Employee Misconduct

Finally, Eller-ITO contends the ALJ erred in determining it had not met its burden of proving the affirmative defense of preventable employee misconduct. "This defense requires the employer to show that it:  (1) created a work rule to prevent the violation at issue; (2) adequately communicated that rule to its employees; (3) took all reasonable steps to discover noncompliance; and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

(4) enforced the rule against employees when violations were discovered." *Id.*

Substantial evidence supports the ALJ's finding that Eller-ITO could not prove this

defense. *See Fluor Daniel*, 295 F.3d at 1236.

Thus, we deny Eller-ITO's petition for review.

**PETITION DENIED.**

6